UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VALLIENT MOORE,<br><br>    Petitioner,<br> v.<br>BRIAN WILLIAMS, *et al.*,<br><br>    Respondents. | Case No. 2:18-cv-02190-MMD-VCF<br><br>ORDER |

## I. SUMMARY

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Vallient Moore, a person incarcerated in Nevada who is proceeding *pro se.* Currently before the Court is Respondents' Motion to Dismiss (ECF No. 9) Moore's Petition for Writ of Habeas Corpus (ECF No. 1). Moore did not oppose this motion and the deadline to do so expired without a request to extend it.[1] For the reasons discussed below, Respondents' motion is granted.

## II. BACKGROUND[2]

Moore challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). In July 2014, Moore entered a guilty plea to four charges: Count 1, robbery with use of a deadly weapon, victim 60 years of age or older; Count 2, robbery with use of a deadly weapon; Count 3, conspiracy to commit robbery;

---

[1]LR 7-2 of the Local Rules of Civil Practice provides that failure to file points and authorities in opposition to a motion constitutes consent to granting that motion. *See* LR 7-2(d); *cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal). Pursuant to the Local Rules, any response to Respondents' motion was due by April 29, 2019. *See* LR 7-2(b). Although no response was filed, the Court will address the merits of the motion to ensure a complete record.

[2]This procedural history is derived from the exhibits located at ECF Nos. 10 and 11 on the Court's docket.

and Count 4, possession of credit card or debit card without cardholder's consent. (ECF No. 9.) On March 17, 2015, the state court entered a judgment of conviction sentencing Moore on Count 1 to 48-120 months, plus a consecutive 24-120 months for the use of a deadly weapon; on Count 2, to 48-120 months, plus a consecutive 24-120 months for the use of a deadly weapon, to run consecutive to Count 1; on Count 3, to 24-60 months, to run consecutive to Count 2; and on Count 4, to 12-36 months, to run consecutive to Count 3.[3] (ECF No. 10-22.) Moore appealed. On January 21, 2016, the Nevada Supreme Court affirmed Moore's convictions on direct appeal, and a remittitur issued the following month. (ECF Nos. 11-4, 11-5.)

Moore filed a *pro se* state petition for writ of habeas corpus ("state petition") on February 21, 2017, seeking post-conviction relief. (ECF No. 11-15.) The state court denied the state petition in October 2017, finding that Moore's claims were "barred by the law of the case doctrine as they have been previously decided on direct appeal and may not be reargued in the [state] Petition." (ECF No. 11-22 at 9.) Moore appealed. The Nevada Court of Appeals affirmed the state court's denial of relief in September 2018. (ECF No. 11-30.) A remittitur issued on October 18, 2018. (ECF No. 11-31.)

On November 15, 2018, Moore filed his federal habeas petition. (ECF No. 1.) He alleges two claims: Ground 1 – violations of due process and ineffective assistance of counsel for failing to (A) investigate and have "fake" charges dropped, (B) obtain certain exculpatory *Brady* evidence, and (C) instruct the investigator to do adequate investigation regarding the alibi witnesses; Ground 2 – violations of due process and ineffective assistance of counsel for failing to (A) file a pretrial motion for severance, and (B) instruct the investigator to do adequate investigation regarding the alibi witnesses. (*Id.* at 3-6.)

**III. DISCUSSION**

Respondents move to dismiss Moore's petition arguing that his claims are not cognizable in federal habeas under *Tollett v. Henderson*, 411 U.S. 258 (1973), because

---

[3]On July 18, 2016, the state court entered *nunc pro tunc* an amended judgment (ECF No. 11-13), correcting "clerical errors" in the original judgment. (ECF No. 11-22.)

the claims allege pre-plea errors.

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). A federal court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In *Tollett*, the Supreme Court held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. at 267. Therefore, "[a]s a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations." *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985) (citations omitted). A criminal defendant who pleads guilty (or no contest, which is the equivalent of a plea of guilty) "may only attack the voluntary and intelligent character of the guilty plea," *Tollett*, 411 U.S. at 267, by showing that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970).

Here, Moore does not attack the voluntary and intelligent character of his plea by alleging that the advice he received from defense counsel was inadequate. His allegations instead involve pre-plea allegations that counsel should have obtained exculpatory evidence, had "fake" charges dropped, filed a pretrial motion for severance, and instruct the defense investigator regarding the investigation of his alibi witnesses. As Respondents correctly point out, these are not claims that Moore did not enter the guilty plea agreement knowingly, voluntarily, and intelligently due to his counsel's ineffective assistance. Moore's guilty plea precludes federal habeas relief for the alleged pre-plea violations. *See Tollet*, 411 U.S. at 267; *Hudson*, 760 F.2d at 1030. Moore's claims are thus not cognizable under § 2254 and must be dismissed.

3

**IV. CONCLUSION**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 9) is granted. Petitioner Vallient Moore's Petition for Writ of Habeas Corpus (ECF No. 1) is dismissed pursuant to *Tollett v. Henderson*, 411 U.S. 258 (1973).

It is further ordered that a certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of Court is further directed to enter final judgment accordingly and close this case.

DATED THIS 17th day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE